```
              IN THE UNITED STATES DISTRICT COURT
             FOR THE MIDDLE DISTRICT OF PENNSYLVANIA
```

William E. Robinson,Sr.,            :
William E. Robinson,Jr., and
Tara Robinson, H/W,                 :

    Plaintiffs,                  :(Case No. 3:14-CV-0195

    v.                           :

Derwood Littlefield, Individually   : Judge Richard P. Conaboy
and D/B/A Boat-N-RV Superstore
And Boat-N-RV Superstore.           :

    Defendants.                  :
_____

**Memorandum**

We consider here a Motion to Remand (Doc. 8) this case to state court filed by the Plaintiffs Robinson and a Motion to Dismiss/Strike (Doc. 6) a judgment entered in the Schuylkill County Court of Common Pleas filed by Defendants Derwood Littlefield, individually, and d/b/a Boat-N-RV Superstore, and Boat-N-RV Superstore (hereinafter collectively "Boat").  These motions have been fully briefed by the parties and are ripe for disposition. For the reasons that follow, Plaintiffs' Motion to Remand will be denied and Defendants' Motion to Strike/Dismiss will be held in abeyance pending receipt by the Court of additional information to be supplied by Defendants.

**I.   Background.**

This case arises from Plaintiffs' purchase of a recreational vehicle from Defendants on or about May 27, 2008.  Due to claims

1

regarding the quality and/or performance of the vehicle, this matter went to arbitration before the American Arbitration Association ("AAA") pursuant to a clause in the contract of sale. The arbitrator ruled for Plaintiffs and issued an award dated December 9, 2013 that required Defendants to pay Plaintiffs $79,370.45 in compensatory damages along with reimbursement of fees and expenses in the amount of $4,501.86 (Doc. 1-1, Ex. 1).

On January 10, 2014, some thirty two (32) days after the arbitrator entered his award, Defendants moved, pursuant to Rule 50 of the AAA Commercial Rules of Arbitration, to modify and/or correct the award.  (Doc. 7, Ex. 3). [1] By this motion Defendants purport to have "...raised basic issues regarding which claims were granted and the formulation and basis for the award...".  (Doc. 7 at 6).  Plaintiffs' response to Defendants' motion to modify the arbitration award asserts, inter alia, that the motion was out of time and that, because the parties did not bargain for a "reasoned award", the Defendants are not entitled to an explanation of the rationale for the award.  (Doc. 7-4, ¶¶ 2 and 6-7).  On January 22, 2014, Plaintiffs entered judgment on the arbitration award in the Schuylkill County Court of Common Pleas.  Defendants then removed this action to this Court on February 6, 2014 on the basis that diversity of citizenship exists among the parties and the

---

[1] Rule 50 explicitly requires that motions to modify an arbitration award be filed within 20 days of the date the award is made.

2

jurisdictional amount in controversy has been met pursuant to 28 U.S.C. §§ 1332, 1441, and 1461. (Doc. 1 at 1).

Plaintiffs' Motion to Remand challenges this Court's jurisdiction by asserting that Defendant Boat is a Pennsylvania citizen thus negating the requirement of complete diversity. Defendants' Motion to Dismiss/Strike is based on the assertion that this controversy is yet pending before the arbitrator and, consequently, is before this Court prematurely.  We shall consider these motions separately.

## II. Legal Discussion.

A.  Plaintiffs' Motion to Remand.

Plaintiffs' contention that Defendant Boat is a Pennsylvania citizen is simply incorrect.  The documentation submitted to this Court indicates clearly that Defendant Boat is merely a fictitious name under which Tilden Recreational Vehicles, Inc. ("Tilden") does business in Pennsylvania.  Most significantly, the corporate records of the Commonwealth of Pennsylvania clearly reflect that Tilden is the corporate entity that sold the vehicle in question to Plaintiffs.  (Doc. 9-2 at 2-4).  Moreover, the documentation supplied to this Court establishes to the Court's satisfaction: (1) that Tilden is a corporation organized under the laws of New York state (Doc. 13-1 at 6-8); (2) that Tilden's principal place of business is in the state of Tennessee (Doc. 13-1 at 3-4); and (3) that individual Defendant Littlefield is also a resident of

3

Tennessee. (Doc. 13-1 at 3).

The citizenship of the parties determines whether they are diverse. See Midlantic Nat'l Bank v. Hansen, 48 F.3d 693, 696 (3d. Cir. 1995). As a mere fictitious name registered in Pennsylvania, Boat is not a separate business entity capable of citizenship in any state. See Frey v. Grumbine's RV; Damon Motor Coach; and Meyer's RV Centers, LLC, 2010 WL 3703803 (M.D.Pa., Rambo, J.). Rather, it is a creature of Tilden, the corporation which is the appropriate Defendant in this action. Because Tilden is neither incorporated in Pennsylvania nor uses a Pennsylvania location as its principal place of business and because the Plaintiffs Robinson are Pennsylvania domiciliaries, there is complete diversity of citizenship among the parties in this dispute. See Johnson v. SmithKline Beecham Corp., 723 F.3d 337, 347 (3d. Cir. 2013). Thus, we find that the Defendants have carried their burden to prove that subject matter jurisdiction resides in this Court, as required by Dukes v. U.S. Healthcare, Inc., 57 F.3d 350, 359 (3d. Cir. 1995), and the Plaintiffs' Motion to Remand must be denied.

    B.   Defendants' Motion to Dismiss Plaintiffs' Praecipe and Strike the Judgment Entered in the Schuylkill County Court of Common Pleas.

Defendants' Motion to Dismiss/Strike is based upon its assertion that arbitration of this matter is incomplete due to the supposed pendency of its aforementioned motion to modify the

4

arbitration award before the AAA. Plaintiffs respond that the motion is moot as untimely under the AAA's operating rules and is not being actively considered, nor will it ever be actively considered by that body.

The fact that the parties have heard nothing from the AAA in the four and one half months since Defendants filed their motion affords some plausibility to Plaintiffs' contention that the AAA considers the award in question final.[2] This view gains additional credence when one considers that the motion, which essentially seeks an articulated rationale for the award, comes in a context where the parties bargained for a "standard award" which required no such specificity on the arbitrator's part. (Doc. 10 at 9-10; Doc. 10-1, ¶ 9). Nevertheless, the Court is reluctant to presume what the Plaintiffs would have it presume (that the AAA considers Defendants' motion to modify the award to be a nullity), and will require additional information before ruling on Defendants' Motion to Dismiss/Strike.

Because it appears that the pivotal question - - whether this matter remains pending before the AAA - - can easily be ascertained, the Court will direct that the Defendants, as the proponents of the proposition that the AAA continues to view this dispute as ongoing, produce for this Court documentation from the

---

[2] Rule 50, which was invoked by the Defendants as the basis for their motion to modify the arbitration award, requires the arbitrator to "dispose of the request within 20 calendar days after transmittal by the AAA to the arbitrator of the request and any response thereto."

AAA that Defendants' motion to modify the award remains pending and that the arbitration between these parties remains unresolved.  An Order consistent with these determinations follows and will be filed simultaneously herewith.

**BY THE COURT**

                                              <u>S/Richard P. Conaboy</u>
                                              Honorable Richard P. Conaboy
                                              United States District Court

Dated: June 2, 2014