[1]IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

```
William E. Robinson,Sr.,              :
William E. Robinson,Jr., and
Tara Robinson, H/W,                   :

     Plaintiffs,                      :(Case No. 3:14-CV-0195

     v.                               :

Derwood Littlefield, Individually     : Judge Richard P. Conaboy
and D/B/A Boat-N-RV Superstore
And Boat-N-RV Superstore.             :

     Defendants.                      :
```
_____

**Memorandum**

We consider here a Motion to Dismiss Plaintiff's Praecipe to Enter Judgment from Award of Arbitrator and Strike Judgment (Doc. 6). The judgment that Defendants Derwood Littlefield, individually, and D/B/A Boat-N-RV Superstore and Tilden Recreational Vehicles, Inc. (hereinafter collectively "Defendants")seek to strike was entered in the Schuylkill County Court of Common Pleas on January 22, 2014 (Doc. 1-1). The entry of judgment was based on an Arbitration Award dated December 9, 2013 (Doc. 1-1, Ex. 1). Defendants subsequently filed a motion to modify the award with the American Arbitration Association due to a clerical error and also sought clarification of which claims had been granted. The motion before this Court (Doc. 6) has been

extensively briefed (Doc. 7, 10, 14, 17, 20-22) and is ripe for disposition.  For the reasons that follow the Court will grant the Motion to Dismiss/Strike (Doc. 6).

**I.   Background.**

This case arises from Plaintiffs' purchase of a recreational vehicle from Defendants on or about May 27, 2008.  Due to claims regarding the quality and/or performance of the vehicle, this matter went to arbitration before the American Arbitration Association ("AAA") pursuant to a clause in the contract of sale. The arbitrator ruled for Plaintiffs and issued an award dated December 9, 2013 that required Defendants to pay Plaintiffs $79,370.45 in compensatory damages along with reimbursement of fees and expenses in the amount of $4,501.86 (Doc. 1-1, Ex. 1).

On January 10, 2014, some thirty two (32) days after the arbitrator entered his award, Defendants moved, pursuant to Rule 50 of the AAA Commercial Rules Arbitration to modify and/or correct the award.  (Doc. 7, Ex. 3).  By this motion, Defendants purport to have "...raised basic issues regarding which claims were granted and the formulation and basis for the award...".  (Doc. 7 at 6). Plaintiffs' response to Defendant's motion to modify the arbitration award asserts that the motion was out of time and that, because the parties did not bargain for a "reasoned award", the Defendants are simply not entitled to an explanation of the rationale for the award.  (Doc. 7-4, ¶¶ 2 and 6-7).  On January 22,

2

2014, Plaintiffs entered judgment on the Arbitration Award in the Schuylkill County Court of Common Pleas.  Defendants then removed this action to this Court on February 6, 2014 on the basis that diversity of citizenship exists among the parties and the jurisdictional amount in controversy has been met pursuant to 28 U.S.C. §§ 1332, 1441, and 1461.  (Doc. 1 at 1).

Defendants' Motion to Dismiss/Strike challenges the propriety of Plaintiffs' entry of judgment in the Schuylkill County Court of Common Pleas as premature.  Defendant argues further that because its motion to modify the award remained pending at the time Plaintiff entered judgment, both the Schuylkill County Court of Common Pleas and this Court lack jurisdiction to enforce the arbitration award inasmuch as the arbitration was ongoing at the time judgment was erroneously entered and the time for appeal has not yet run.

**II.  Legal Discussion.**

The parties agree that the critical issue that needs to be determined here is whether the underlying arbitration action was final on the date Plaintiffs filed their judgment in the Schuylkill County Court of Common Pleas.  Plaintiff points to Rule 50 of the AAA Rules which requires that any motion to modify an arbitration award be filed within twenty (20) days of the date the award is made.  There can be no doubt in this instance that Defendants failed to comply with the literal requirements of Rule 50.

3

Plaintiffs view Defendants' failure to comply with the time frame specified by Rule 50 as an indication that the arbitration was final as a matter of law.  (Doc. 22 at 2).  Yet, unwilling to simply presume that the AAA considered the motion a nullity, this Court's Order of June 2, 2014 (Doc. 19) directed Defendants to obtain documentation from the AAA regarding whether the arbitration remained ongoing or was final.

On June 26, 2014, Defendant furnished the Court with a Disposition For Application Of Modification Of Award (the "Disposition") from the arbitrator who had presided over the case. (Doc. 21-1, Ex. A).  The Disposition states:

> I, the undersigned arbitrator, having been designated in accordance with the arbitration agreement entered into between the above-named parties and dated December 22, 2010, and having been duly sworn, and having heard the proofs and allegations of the Parties, and having previously rendered an Award dated December 9, 2013 and Respondent having filed an application for modification dated January 10, 2014, and Claimant having responded by letter dated January 16, 2014, and Respondent having responded by letter January 16, 2014, and Claimant having responded by letter dated January 22, 2014, due hereby, DECIDE AS

> FOLLOWS:
>
> I see no rule that would justify my amending the arbitration award.
>
> In all other respects my Award dated December 9, 2013, is reaffirmed and remains in full force and effect.

The parties, as might be expected, interpret this terse communication in starkly different ways.  Plaintiff asserts: "the Disposition makes it clear that the matter before the AAA was and is final."  (Doc. 22 at 2).  Plaintiff also asserts: "pursuant to Rule 50 of the AAA Rules of Procedure the Defendants had twenty (20) days to ask for a modification of the arbitration award.  It is a fact that the Defendants failed to file such a request in a timely fashion thereby ending the matter."  Id.

The Defendants contend that the mere fact that the arbitrator issued the Disposition is proof of the fact that the AAA considered the arbitration to be active until the date of the Disposition, June 16, 2014.  (Doc. 21, 1-2).  Defendants also contend that the underlying contract requires that the arbitration be conducted in accordance with the law of New York State and Plaintiff has not disputed this proposition.  (Doc. 21, at 2, n.1).  [1]

Having duly considered the parties competing interpretations

---

[1] New York law permits 90 days to appeal from an arbitration award.  See New York Code § 7511(a).

5

of the Disposition, the Court must conclude that the arbitration proceedings did not become final until the Disposition was issued. The arbitrator's statement, while couched in oblique language, is consistent with that of an individual giving active consideration to a question. He does not simply state that he is constrained from considering the motion to modify the award due to Defendants' temporal laxity. Rather, he "sees no rule that would justify amending the arbitration award." Had he intended to deny the motion on timeliness grounds, he could certainly have cited Rule 50 and such a citation is conspicuous by its absence from the Disposition.

    The Court is also more inclined to credit the Defendants' interpretation here because, as the Defendants have argued, Rule 42 of the AAA Rules of Commercial Procedure specifically provides: "the AAA or the arbitrator may for good cause extend any period of time established by these rules...". (Doc. 7-3, ¶ 9). The Defendants had made the arbitrator aware in their motion to modify the award that their counsel's child was undergoing a lengthy hospitalization during a portion of the twenty (20) day period prescribed by Rule 50. (Id, ¶¶ 10-11). A family crisis of this magnitude could easily have been deemed "good cause" by the arbitrator pursuant to Rule 42. This, too, factors into the Court's conclusion that the arbitrator had actively considered Defendants' untimely motion.

6

Finally, correspondence the parties received by email from Karen D'Amico, a case manager with the AAA, acknowledged receipt of Defendants' motion to modify the award, requested the Plaintiffs to comment on that motion, <u>and indicated that the motion would be forwarded to the arbitrator for consideration</u>. (Emphasis added). (Doc. 1-4 at 2-3).  Ms. D'Amico's email provides additional support for the proposition that the Disposition was not resolved on the issue of Defendants' failure to make its motion within the time frame ordinarily prescribed by the rules and was still under active consideration by the AAA until June 16, 2014.

**III. Conclusion.**

For the foregoing reasons, the Court finds that the arbitration proceeding that gave rise to this matter was not finally resolved until June 16, 2014.  The Court also finds that, because the parties' contract provided that the arbitration agreement would be governed by New York law, the Defendant has ninety (90) from June 16, 2014 to appeal the arbitrator's ruling. [2] An Order consistent with these findings will be issued simultaneously herewith.

BY THE COURT

            S/Richard P. Conaboy
            Honorable Richard P. Conaboy
            United States District Court

Dated: August 11, 2014

---

[2] In light of the fact that the parties expressly bargained for a "non-reasoned award", the Court is quizzical as to how Defendants expect to benefit from an appeal.  Still, the law makes allowance for Defendants to pursue that option.

7